1  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
2  Robert L. Hyde, Esq. (SBN: 227183)
   bob@westcoastlitigation.com
3  **Hyde & Swigart**
4  411 Camino Del Rio South, Suite 301
   San Diego, CA 92108-3551
5  Telephone:   (619) 233-7770
6  Facsimile:   (619) 297-1022
7
   Attorneys for Plaintiff
8

FILED

2009 JUN 25  AM.11: 42

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY



9

10

11          **UNITED STATES DISTRICT COURT**
            **SOUTHERN DISTRICT OF CALIFORNIA**
12

13  | Ivan Martin | Case Number: 09 CV 1372 WQH AJB |
14  | | |
    | Plaintiff, | **Complaint For Damages** |
15  | v. | |
16  | | **Jury Trial Demanded** |
    | NCO Financial Systems, Inc. | |
17  | | |
18  | Defendant. | |

19

20

21                    **INTRODUCTION**

22  1.   The United States Congress has found abundant evidence of the use of

23       abusive, deceptive, and unfair debt collection practices by many debt

24       collectors, and has determined that abusive debt collection practices

25       contribute to the number of personal bankruptcies, to marital instability, to the

26       loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair

27       Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter

28       "FDCPA"), to eliminate abusive debt collection practices by debt collectors,





to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Paul Plaintiff, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of NCO Financial Systems, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair

HYDE & SWIGART
San Diego, California

1   Debt Collection Practices Act, California Civil Code §§ 1788-1788.32
2   ("RFDCPA").

3   8.   Because Defendant does business within the State of California, personal
4       jurisdiction is established.

5   9.   Venue is proper pursuant to 28 U.S.C. § 1391.

6                                    **PARTIES**

7   10.  Plaintiff is a natural person who resides in the City of San Diego, County of
8       San Diego, State of California.

9   11.  Defendant is located in the City of Horsham, the State of Pennsylvania.

10  12.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer"
11      as that term is defined by 15 U.S.C. § 1692a(3).

12  13.  Defendant is a person who uses an instrumentality of interstate commerce or
13      the mails in a business the principal purpose of which is the collection of
14      debts, or who regularly collects or attempts to collect, directly or indirectly,
15      debts owed or due or asserted to be owed or due another and is therefore a
16      debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17  14.  Plaintiff is a natural person from whom a debt collector sought to collect a
18      consumer debt which was due and owing or alleged to be due and owing from
19      Plaintiff, and is a "debtor" as that term is defined by California Civil Code §
20      1788.2(h).

21  15.  Defendant, in the ordinary course of business, regularly, on behalf of himself,
22      herself, or others, engages in debt collection as that term is defined by
23      California Civil Code § 1788.2(b), is therefore a debt collector as that term is
24      defined by California Civil Code § 1788.2(c).

25  16.  This case involves money, property or their equivalent, due or owing or
26      alleged to be due or owing from a natural person by reason of a consumer
27      credit transaction.   As such, this action arises out of a consumer debt and
28      "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

HYDE & SWIGART
San Diego, California

**FACTUAL ALLEGATIONS**

17. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

18. At all times relevant, Defendant conducted business within the State of California.

19. Sometime before April 16, 2009, Plaintiff is alleged to have incurred certain financial obligations.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22. Sometime thereafter, but before April 16, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

23. Subsequently, but before April 16, 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

24. Sometime before, April 16, 2009, Defendant telephoned Plaintiff and demanded payment of the alleged debt.

25. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

HYDE & SWIGART
San Diego, California

27. Subsequently, but within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiff notified Defendant in writing via certified mail, that this alleged debt, or some portion of it, was disputed.

28. Defendant subsequently received this writing on May 5, 2009 because Defendant signed the certified mail receipt dated May 5, 2009.

29. Defendant continued to attempt to contact Plaintiff by telephone on many occasions.  Defendant called Plaintiff several times a day from the time Plaintiff sent the dispute letter to the time this complaint was drafted.

30. Defendant also mailed Plaintiff a letter on dated May 14, 2009, after already receiving Plaintiffs letter disputing the alleged debt.

31. Defendants has never verified the debt.

32. Through this conduct, Defendants continued their efforts to collect on the alleged debt, after Plaintiff effectively disputed the alleged debt, without verifying the alleged debt. Consequently, Defendant violated 15 U.S.C. § 1692g(b),  and Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f, and Cal. Civ. Code § 1788.17.

34. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), and Cal. Civ. Code § 1788.17.

35. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

36. Subsequently, on or around, May 20, 2009, Plaintiff sent a second letter by United States Certified Mail, to Defendants, demanding in writing, that

Defendant cease and desist all communication with Plaintiff. Defendants received this letter, evidence by the signature on the certified mail receipt, on May 26, 2009.

37. After Defendant received Plaintiffs written demand to cease all communications, Defendant continued to attempt to collect the alleged debt by contacting Plaintiff by telephone on many occasions.

38. Defendant failed to cease further communication with the consumer. Instead, Defendant continued its communications with respect to such debt, for a purpose other than enumerated in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c), and Cal. Civ. Code § 1788.17.

39. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

HYDE & SWIGART
San Diego, California

**HYDE & SWIGART**
San Diego, California

## COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

45. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

46. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

47. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

48. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//

//

//

//

//

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

49. An award of actual damages pursuant to California Civil Code § 1788.30(a);

50. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

51. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### TRIAL BY JURY

52. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date:  6/23/09

**Hyde & Swigart**

By:

Joshua B. Swigart
Attorneys for Plaintiff

HYDE & SWIGART
San Diego, California

Complaint                                - 8 of 8 -

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ivan Martin

### DEFENDANTS
NCO Financial Systems, Inc.

**FILED**

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Horsham
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

2009 JUN 25 AM 11: 42
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

'09 CV 1372 WQH AJB

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108
619 233 7770

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE
6/24/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 002335  AMOUNT $ 350.00  APPLYING IFP _____  JUDGE _____  MAG.

CV  NS  6/29/09

**ORIGINAL**

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS002335
Cashier ID: msweaney
Transaction Date: 06/25/2009
Payer Name: HYDE AND SWIGART ATTY AT LAW
----------------------------------
CIVIL FILING FEE
 For: MARTIN V. NCO FINANCIAL SYSTEM
 Case/Party: D-CAS-3-09-CV-001372-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 3187
 Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```